IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GUSTAVUS JACKSON,           § | |
|     Petitioner,           § | |
| § | |
| VS.           § | Civil Action No. 4:13-CV-829-O |
| § | |
| RODNEY W. CHANDLER, Warden,  § | |
| FCI-FORT WORTH,           § | |
|     Respondent.           § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Gustavus Jackson, a federal prisoner confined in the Federal Correctional Institution in Fort Worth (FCI-Fort Worth), against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent. The prior referral to the Magistrate Judge is withdrawn. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I. **BACKGROUND**

In 2008 Petitioner pleaded guilty to one count of possession with intent to distribute a controlled substance, cocaine base, and was sentenced to a term of 120 months' imprisonment, the statutory minimum, in the Eastern District of Missouri. Judgment in a Criminal Case, *United States v. Jackson*, 4:07-CR-00221-RWS-1, ECF Nos. 30, 41. On appeal, Petitioner urged the district court erroneously determined that he constructively possessed a firearm in connection with the offense, precluding him from the benefit of § 5C1.2(a)(2), but the Eighth Circuit rejected the argument. Opinion, *United States v. Jackson*, 4:07-CR-00221-RWS-1, ECF No. 57.

In this § 2241 petition, petitioner generally asserts that he is actually innocent of the offense and his sentence in light of the Supreme Court decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013). *See* Pet. 1-2, ECF No. 1.

## II. LEGAL STANDARD

28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, on the other hand, is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. Petitioner has neither alleged nor demonstrated that he can meet this standard.

## III. ANALYSIS

In *Apprendi*, the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court in *Alleyne* concluded that "the principle

applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." 133 S. Ct. at 2160. Thus, any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor, that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2163. The Supreme Court however has not declared *Apprendi* or *Alleyne* retroactive on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). Nor do the cases establish Petitioner's actual innocence of the underlying, substantive crime for which he pleaded guilty and was convicted. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000). Accordingly, § 2241 is not the proper procedural vehicle for bringing petitioner's claim, and the petition should be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is denied.

**SO ORDERED** on this **26th** day of **March, 2014.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE